UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                              :

CONVERIUM HOLDING AG,
                                              :

                     Plaintiff,
                                              :        CIVIL ACTION NO. 07 CV 3042

              - against -
                                              :

SCOR S.A. AND PATINEX AG,
                                              :

                     Defendants.
                                            :

----------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED SCHEDULING AND DISCOVERY

      Plaintiff Converium Holding AG ("Converium" or the "Company") respectfully submits this memorandum of law in support of its motion for expedited scheduling and discovery, pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, in preparation for an evidentiary hearing on its motion for A preliminary injunction against defendants SCOR S.A. ("SCOR") and Patinex AG ("Patinex") (collectively, "Defendants").

### BACKGROUND

      This action arises under the United States Securities and Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §§ 78m(d), 78n(d) and 78n(e), and seeks immediate injunctive relief against the unlawful conduct of SCOR and Patinex in connection with their scheme to acquire control of Converium, a leading Swiss reinsurance company. The Complaint, which asserts claims against SCOR and Patinex under Sections 13(d) 14(d) and 14(e) of the Exchange Act, was filed on April 16, 2007.

      SCOR, a French reinsurance company (with extensive United States operations) has commenced an unsolicited exchange offer to purchase the registered shares of Converium, a

Swiss reinsurance holding company.  Both Converium and SCOR have securities that are listed, and trade on, the New York Stock Exchange.

On April 5, 2007, in clear violation of the Williams Act, SCOR announced its offer to purchase all registered shares of Converium (the "Offer"), from which it is intentionally excluding all US persons holding shares of Converium as well as holders of Converium American Depository Shares (or "ADSs").  The Offer Prospectus issued by SCOR states that tenders would be accepted from April 23, 2007 to May 22, 2007.  The Offer Prospectus further provides that if the Offer is successful, an additional acceptance period of ten trading days for subsequent acceptance will run, likely from May 29, 2007 to June 11, 2007.  If the offer period is not extended, the offer period is expected to be completed by June 21, 2007.  Plainly, time is of the essence.  Converium intends to file an application for a preliminary injunction preventing SCOR from taking any steps to effectuate the Offer until it extends the Offer to all Converium shareholders, including United States persons and Converium's ADS holders, and files the required disclosures under the federal securities laws.

The Offer has triggered application of the Williams Act because, among other things, approximately 22% of SCOR's registered shares which are subject to the Offer are held by United States persons, the Offer has attracted widespread media coverage in the United States, SCOR's and Converium's ADSs are listed on the New York Stock Exchange, and SCOR has openly admitted that United States shareholders may indirectly avail themselves of the Offer. SCOR has indicated that in spite of each of the above facts, the Offer does not trigger the application of U.S. securities laws.  In support of this contention, SCOR cites a single case, which is from another jurisdiction, has not been adopted by this Court, and is over 20 years old. *Plessey Co. PLC v. General Electric Co. PLC*, 628 F. Supp. 477 (D. Del. 1986).  *Plessey* is

distinguishable from the facts of the case at hand where (1) nearly a quarter of Converium's shareholders are US persons; (2) Converium and SCOR are both listed on, and have ADSs trading on, the New York Stock Exchange; (3) the Offer has received widespread media coverage in the US; and (4) SCOR expects US shareholders to tender into the Offer. Unlike in *Plessey*, SCOR has availed itself of the US capital markets; it cannot now be permitted to make its Offer in a company where 22% of shareholders are US holders, yet ignore US tender offer rules.

Despite triggering application of the Williams Act, SCOR has ignored its obligations to treat all shareholders equally (which is required under Rule 14d-10 of the Williams Act); furthermore, SCOR has failed to file the required tender offer statement concerning the Offer (which is required under Rule 14d-3 of the Williams Act), a registration statement and prospectus (which is required under the Securities Act of 1933 (the "Securities Act") if SCOR's securities are being offered in exchange for Converium's securities), and other detailed and material information concerning the Offer under the United States federal securities laws. SCOR has attempted to justify its failure, asserting that it is not tendering for shares held by US shareholders and, therefore, it is free to ignore the protections afforded to US shareholders under the federal securities laws. That exclusion violates Rule 14d-10 of the Exchange Act which makes it clear that no bidder may make a tender offer unless "[t]he tender offer is open to all security holders of the class of securities subject to the tender offer." SCOR has simply ignored these unambiguous provisions.

SCOR's intent and objective to evade the disclosure obligations of the federal securities laws were recently unmasked when SCOR made a number of submissions to the Swiss Takeover Board (which oversees the takeover of companies whose securities are listed on the

Swiss Stock Exchange). In those submissions, SCOR candidly admitted that compliance with United States securities laws and registration requirements would be too burdensome, create heightened litigation risk from the SEC and private plaintiffs, interfere with SCOR's plan to delist its securities in the United States, and that Converium's US shareholders would be driven to take advantage of the Offer and tender their Converium shares by hiring brokers outside the United States (without benefits of disclosure under the Williams Act). SCOR's reasons do not justify – indeed, they *confirm* – its willful efforts to circumvent the United States securities laws.

Defendants' willful disregard for the federal securities laws is further confirmed by the failures of SCOR and Patinex to make full disclosure under Section 13(d) of the Exchange Act and Rule 13d-1 promulgated thereunder (which obligates owners of greater than 5% blocks of shares to disclose to shareholders the nature and purpose of their ownership interests). Converium's shareholders first became aware of the full extent of SCOR and Patinex's ownership interests in Converium when, on February 21, 2007, a Schedule 13D filed by SCOR revealed it had contracted to acquire 19.8% of Converium's outstanding shares held by Patinex pursuant to a share purchase agreement (the "Patinex SPA"), as well as 4.8% of Converium's outstanding shares held by Swedish company, Alecta pensionsförsäkring ("Alecta") pursuant to a separate share purchase agreement (the "Alecta SPA"), and that, separate and apart from these arrangements, SCOR had already acquired 8.3% of the outstanding shares of Converium through open market purchases. Patinex has owned nearly 20% of Converium's outstanding capital stock, yet, in clear contravention of the requirements of Section 13(d) of the Exchange Act, has failed to make a single filing under Section 13(d) of the Exchange Act. Now, a group consisting of SCOR and Patinex have acquired -- and currently control -- at least 32.9% of Converium's

shares, and that acquisition was accomplished by a willful and deliberate failure to make required filings under Section 13(d) of the Exchange Act.

Absent injunctive relief, SCOR and Patinex threaten to take control of the Company without treating shareholders equally and failing to provide adequate disclosure under Sections 14(d) and 13(d) of the Exchange Act. The declaratory and injunctive relief sought is necessary to provide Converium and its shareholders an opportunity to evaluate whether Converium shareholders should tender into the Offer and to provide Converium's shareholders all the material information about the Offer and the bidder (i.e., SCOR) to which they are entitled under the United States securities laws. Absent such relief, there is a substantial likelihood that Converium shareholders will take actions (such as selling their shares or shares represented by ADSs prior to the completion of the Offer) that they would not otherwise take with the benefit of accurate information.

Converium respectfully requests that the Court schedule a hearing on Converium's motion for preliminary injunction sufficiently prior to the closing of the Offer period (currently expected to be May 22, 2007). Converium also requests that the Court authorize expedited discovery and briefing as described below.

## ARGUMENT

The Court should permit the expedited discovery sought by Converium to enable it to substantiate further its claim that it is entitled to preliminary injunctive relief against SCOR and Patinex in connection with the Offer. Absent injunctive relief, SCOR and Patinex's ongoing and substantial violations of United States securities law threaten imminent and irreparable harm to Converium and its shareholders. By this motion, Converium seeks: (1) targeted discovery prior to the normal time periods set forth in Rules 26, 30, 34 and 45; and (2) the entry of an

accelerated discovery and briefing schedule to enable its claim for preliminary injunctive relief to be heard sufficiently prior to May 22, 2007 -- the currently anticipated closing of the offer period.

The Federal Rules of Civil Procedure provide the Court broad discretion in the management and timing of discovery.  *See* Fed. R. Civ. P. 26(d), 30(a), 33(a), 34(b); *see also Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that Federal Rule of Civil Procedure 34(b) expressly provides that courts may expedite discovery).  The Federal Rules of Civil Procedure clearly contemplate the type of early discovery requested here -- expedited discovery by a party seeking injunctive relief.  *See* Commentary to 1993 Amendments, Subdivision 26(d) (stating that early discovery by court order "will be appropriate in some cases, such as those involving requests for a preliminary injunction"); *see also* 6 MOORE'S FEDERAL PRACTICE § 26.121 ("Expedited discovery is often appropriate in cases involving preliminary injunctions"); *Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("[E]xpedited discovery may be appropriate in cases where the plaintiff seeks a preliminary injunction"); *Ellsworth* , 917 F. Supp. at 844 ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.").

Courts typically grant expedited discovery where the moving party has shown "good cause" for, and the reasonableness of, the discovery sought.  *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (applying "the flexible standard of reasonableness and good cause" to grant plaintiff's motion for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).  In addition, courts have held that expedited discovery is "particularly appropriate" where, as here, a plaintiff

seeks preliminary injunctive relief because of the "expedited nature of injunctive proceedings." *Ellsworth*, 917 F. Supp. at 844; *see also Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1228 (4th Cir. 1980) ("If [plaintiff] is not allowed to obtain from the defendants through discovery the facts vital to prosecuting this action, the defendants are effectively freed from the obligation of filing a complete and accurate Schedule 13D for only they can publish their motives and intent as the law requires them to do."); *Fed. Express Corp. v. Fed. Espresso, Inc.*, Civil Action No. 97-CV-1219, 1997 U.S. Dist. LEXIS 19144, at *6 (N.D.N.Y. Nov. 24, 1997) ("The Federal Rules clearly contemplate the type of expedited discovery the court has permitted here pursuant to Fed. R. Civ. P. 26(d).") (citing Commentary to the 1993 Amendments, Subdivision (d)).

Finally, courts have also found expedited discovery to be particularly appropriate where, as here, changes in corporate control may occur absent accelerated judicial review. *See, e.g.*, *Dan River*, 624 F.2d at 1220 (granting expedited discovery in Section 13(d) litigation), *cert. denied*, 449 U.S. 1101 (1981); *Gold Fields Ltd. v. Harmony Gold Mining Co.*, No. 04 Civ. 8767 (RMB), 2004 U.S. Dist. LEXIS 23874, at *2 (S.D.N.Y. Nov. 23, 2004) (expedited discovery permitted in action alleging violations of Section 14); *ONBANCorp, Inc. v. Holtzman*, 956 F. Supp. 250, 253 (N.D.N.Y. 1997) (noting that expedited discovery was permitted in action alleging violation of Section 14(a)); *Krauth v. Executive Telecard, Ltd.*, 890 F. Supp. 269, 274 (S.D.N.Y. 1995) (expedited discovery permitted in action alleging violation of Section 14(a)); *Baron v. Strawbridge & Clothier*, 646 F. Supp. 690, 691-92 (E.D. Pa. 1986) (expedited discovery granted where tender offeror challenged defensive measures taken by target; allegations included Section 13(d) violations).[1]

---

[1] SCOR has indicated that it intends to seek a stay under the provisions of the Private Securities Litigation Reform Act of 1995 because it intends to file a motion to dismiss the Complaint. However, in cases where there is an application for injunctive relief in contests for corporate control, courts have allowed discovery to proceed

Converium has demonstrated "good cause" for expedited discovery. Because Converium's securities trade on the New York Stock Exchange, Patinex's purchase and ownership of more than 5% of Converium stock required Patinex to comply with Section 13(d) of the Exchange Act, which mandates a variety of disclosures for the benefit of investors. 15 U.S.C. § 78m(d)(1); 17 C.F.R. §§ 240.13d-1, 240.13d-101. Absent expedited proceedings here, Patinex's unlawful failure to file a Schedule 13D, and SCOR's complicity in that failure, will irrevocably impact the stockholders' voting rights, eliminating any possibility for the Company's stockholders to have an opportunity to evaluate the Offer in a fair and even-handed manner.

In failing to file any Schedule 13D -- the official form prescribed by the SEC for compliance with the statute -- Patinex failed to make any of the material disclosures necessary for Converium's shareholders to understand the ownership structure of their corporation and to make investment decisions. For example, among the disclosures required by Schedule 13D is a statement of "the details" of "any contracts, arrangements, understandings or relationships (legal or otherwise) [with] any person with respect to any securities of the issuer." 15 U.S.C. § 78(c)(d)(1)(E); 17 C.F.R. § 240.13d-101. Between November 2006 and February 2007, SCOR was actively purchasing Converium securities in the marketplace. Patinex, it is now revealed, increased it ownership from December 2005 (12.49%) through February 2007 (19.8%). On January 24, 2007, SCOR and Patinex entered into a confidentiality agreement in connection with their purchase. No Schedule 13D that fully and accurately reveals the substance of communications between Patinex and SCOR concerning their acquisition of Converium securities has ever been filed by either SCOR or Patinex. In fact, despite its ownership of nearly 20% of Converium's securities, no Schedule 13D has been filed by Patinex – ever.

---

notwithstanding the automatic stay provisions. *See Gold Fields Ltd. v. Harmony Gold Mining Co.*, No. 04 Civ. 8767 (RMB), 2004 U.S. Dist. LEXIS 23874, at *2 (S.D.N.Y. Nov. 23, 2004).

Good cause for expedited discovery is further demonstrated by SCOR's purported exclusion of U.S. holders of Converium securities from its Offer and SCOR's failure to file the proper materials with the SEC in connection with the Offer. The Offer is a "tender offer" within the meaning of Section 14(d) of the Exchange Act. Exclusion of United States shareholders (including Converium's ADS holders) -- who own over 20% of Converium's equity securities -- is unlawful. SCOR must make all of the necessary tender offer filings (including the filing of a registration statement) in the United States prior to closing the Offer. The offer period for the Offer is currently scheduled to expire in five weeks, on May 22, 2007. If SCOR completes the Offer without extending the Offer to United States shareholders and making the necessary Williams Act disclosures, SCOR will succeed in acquiring control of Converium without compliance with the substantive requirements of the Williams Act and the detailed and material information to which Converium's United States shareholders are entitled under the federal securities laws. It will then be too late to undo this harm. If discovery is not expedited, the discovery moratorium that typically applies until the filing of an answer and a Rule 26(f) conference would extend past the end of the offer period. Therefore, this Court should, respectfully, allow expedited discovery to prevent harm and preserve Converium's ability to obtain meaningful relief.

Under the circumstances, immediate discovery should be ordered to allow Converium to move on a fully developed evidentiary record for appropriate injunctive relief as quickly as possible. *See Moravek v. FNB Bancorp, Inc.*, No. 86-C-4571, 1986 U.S. Dist. LEXIS 23188, at *12 (N.D. Ill. July 9, 1986) (merits of preliminary injunction motion "must be determined by the record established through discovery and the preliminary injunction hearing"); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting

expedited discovery for "[f]urther development of the record before the preliminary injunction hearing"), *aff'd in part, dismissed in part*, 746 F.2d 429 (8th Cir. 1984).

Converium will make every effort to make sure discovery is particularized and tailored to the Schedule 13D and Section 14(d) and 14(e) claims and is not unduly burdensome. *See, e.g., Ellsworth*, 917 F. Supp. at 844 (granting plaintiffs' motion for expedited discovery where plaintiffs had narrowly tailored their request); *see also In re WebSecure, Secs. Litig.*, 1997 U.S. Dist. LEXIS 19600 (D. Mass. 1997) (granting plaintiffs' request for expedited discovery upon finding such request both "particularized" and "necessary … to prevent undue prejudice" to the plaintiffs). The discovery sought here is reasonably tailored to the claims asserted in the Complaint.

Expedited proceedings will work no prejudice or hardship upon Defendants. The principal purpose of the time interval traditionally provided by the Federal Rules between the commencement of an action and the commencement of discovery is to provide defendants with sufficient time within which to procure counsel and acquaint themselves with the facts of the case. *See* 8 Charles A. Wright, et al., FEDERAL PRACTICE AND PROCEDURE 2d § 2104, at 49 & n.18. SCOR is already represented by experienced counsel -- the Skadden Arps firm -- in connection with the Offer. Patinex is a sophisticated institution that has made insurance regulatory filings in Connecticut, New Jersey and California and is likely to be able to retain counsel promptly. Counsel and their clients are well acquainted with the relevant facts to be litigated by the parties. According to public filings, SCOR began purchasing shares in Converium in November 2006 and, therefore, if those disclosures are accurate, the time period covered by the discovery will be quite narrow. The limited discovery sought herein will not unduly burden defendants, and Converium's counsel, of course, will cooperate in good faith with

defendants' counsel to resolve any unforeseen reasonable difficulties that may arise in responding to the expedited discovery requests.

## CONCLUSION

For the reasons stated above, Converium respectfully requests that the Court order expedited scheduling and discovery. As set forth in Converium's proposed Order, Converium respectfully requests that the Court authorize plaintiff to serve and conduct certain discovery, including but not limited to, requests for the production of documents and depositions of key witnesses with knowledge of the facts underlying certain allegations in the Complaint on an expedited schedule. Converium additionally requests that the Court order expedited discovery and a briefing schedule to proceed on the timetable described below, to be followed by an evidentiary hearing on Converium's Motion for a Preliminary Injunction:

1.    Defendants will produce documents in response to Converium's document requests on or before April 27, 2007.

2.    Defendants will produce witness(es) in response to Converium's Notices of Deposition on or before May 4, 2007.

4.    Plaintiff will submit its opening papers in support of its preliminary injunction motion on or before May 10, 2007.

5.    Defendants will respond to plaintiff's preliminary injunction motion on or before May 14, 2007.

6.    Plaintiff will submit its reply papers on its preliminary injunction motion on or before May 16, 2007.

7.    The hearing on plaintiff's preliminary injunction motion is, subject to the Court's calendar, scheduled for May 18, 2007.

Dated: New York, New York
       April 18, 2007

                                        WILLKIE FARR & GALLAGHER LLP

                                        By: _____
                                        Richard L. Posen (RP-3593)
                                        Tariq Mundiya (TM-2246)
                                        Lisa D. Bentley (LB-1565)
                                        787 Seventh Avenue
                                        New York, New York  10019-6099
                                        (212) 728-8000

                                        *Attorneys for Plaintiff Converium Holding AG*