UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CONVERIUM HOLDING AG,

                                      Plaintiff,

    - against –

SCOR S.A. AND PATINEX A.G.,

                                  Defendants.
------------------------------------------------------------x

: 07 Civ. 3042 (GEL)

**DEFENDANT SCOR S.A.'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR EXPEDITED SCHEDULING AND DISCOVERY**

Jay B. Kasner (JK-7910)
Joseph N. Sacca (JS-9435)
SKADDEN, ARPS, SLATE, MEAGHER &
   FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendant SCOR S.A.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................4

I.    CONVERIUM HAS FAILED TO SATISFY ANY OF THE PREREQUISITES TO EXPEDITED DISCOVERY ..................................................................................4

    A.    Expedited Discovery is Not Permitted Absent a Probability of Success on the Merits ..................................................................................................5

    B.    Converium's Claims Fail As a Matter of Law ..........................................5

II.    DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF SCOR'S MOTION TO DISMISS ...........................................................................................10

III.    CONVERIUM'S MOTION SHOULD BE DENIED BASED ON LACHES...................13

CONCLUSION.............................................................................................................................15

Defendant SCOR S.A. ("SCOR") respectfully submits this Memorandum of Law in opposition to the motion of plaintiff Converium Holding AG ("Converium") for expedited discovery.

## PRELIMINARY STATEMENT

SCOR, a French company based in Puteaux, France, has offered to purchase shares of Converium, a Swiss company based in Zug, Switzerland, that are held solely by non-U.S. shareholders (the "Offer"). SCOR announced its intention to do so nearly two months ago, on February 26, 2007. (See Declaration of Joseph N. Sacca, dated April 19, 2007 ("Sacca Decl."), Ex. B.) As part of its continuing attempts to entrench its management against the Offer, Converium is asking this Court to intervene in this entirely foreign transaction and apply United States securities laws to deprive these wholly non-U.S. shareholders of their right to decide for themselves whether to sell their shares. Remarkably, Converium has instituted this action while a foreign regulatory body – the Swiss Takeover Board (the "STB"), which has unquestioned jurisdiction over the Offer – has been reviewing this Offer for the past eight weeks and evaluating issues materially identical to those Converium seeks to litigate here. Converium itself has been actively participating in those proceedings for at least a month. (See Sacca Decl. Exhs. C, D, and E.)

Further, although Converium has been aware of the Offer and public filings it challenges for nearly two months, it has waited until the eleventh hour to file this action in an effort to manufacture a sense of urgency, and is now claiming it needs to complete discovery in a matter of days. Given its inexcusable delay, Converium cannot now come before this Court and credibly argue that it is entitled to the extraordinary remedy of expedited discovery. See, e.g., Gitadex, S.R.L. v. Campaniello Imports, LTD, 13 F. Supp.2d 417, 419 (S.D.N.Y. 1998)

(refusing to order expedited discovery where delay on the part of plaintiff "undercuts the sense of urgency upon which the availability of the remedy is predicated.").

It is well-settled that the federal securities laws Converium seeks to invoke must not be used as "'a tool for incumbent management to protect its own interests against the desires and welfare of the stockholders.'" Seabord World Airlines, Inc. v. Tiger Int'l, Inc., 600 F.2d 355, 363 (2d Cir. 1979) (quoting Elec. Specialty Co. v. Int'l Controls Corp., 409 F.2d 937, 948 (2d Cir. 1969) (Friendly, J.)). In fact, in enacting these laws, "'Congress expressly disclaimed an intention to provide a weapon for management to discourage takeover bids or prevent large accumulations of stock which would create the potential for such attempts.'" Treadway Cos., Inc. v. Care Corp., 638 F.2d 357, 380 (2d Cir. 1980) (quoting Rondeau v. Mosinee Paper Corp., 422 U.S. 49, 58 (1975)). A reading of Converium's facially deficient claims reveals that this is exactly what Converium is attempting to do here. Converium has asserted claims against SCOR under Sections 14(d) and 14(e) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d), (e), without a single allegation that SCOR extended its tender offer to United States shareholders using the "jurisdictional means" contemplated by Section 14(d)(1) of the Exchange Act. In addition, Converium has asserted a claim against SCOR for violation of Section 13(d) of the Exchange Act, 15 U.S.C. § 78, for SCOR's purported failure to disclose it is acting as a "group" with defendant Patinex A.G. ("Patinex") even while conceding in its complaint that SCOR disclosed the existence of the Stock Purchase Agreement ("SPA") it executed with Patinex, as well as all of its other acquisitions of Converium's stock, in the Schedule 13D SCOR filed on February 21, 2007. (Sacca Decl. Ex. A.)

2

Converium has instituted this action while <u>participating</u> in proceedings currently being held before the STB that involve the same issues Converium has raised here. (<u>See</u> Sacca Decl. Ex. E at 1.) As required by Swiss law, on February 26, 2007, SCOR issued a formal pre-announcement stating that it intended to launch a public tender offer for Converium's shares held by non-U.S. shareholders. (<u>See</u> Sacca Decl. Ex. B.) On April 5, 2007, SCOR issued a Swiss offer prospectus in connection with the Offer. Pursuant to Swiss law, the STB is in the process of evaluating the propriety of the Offer and is specifically considering the following two issues: (i) whether it is proper for SCOR to exclude U.S. shareholders from the Offer, and (ii) whether SCOR and Patinex were acting in concert. As evidenced by memoranda sent by Converium's counsel to the STB starting as early March 5, 2007, Converium has been taking an active role in these proceedings and has been lobbying the STB to reject the Offer. (<u>See</u> Sacca Decl. Exhs. C, D, and E.) In other words, Converium has asked this Court to intervene while the STB is considering the two precise issues Converium raises here.

In addition, despite the fact that Converium has been aware of SCOR's SPA with Patinex, the contents of SCOR's Schedule 13D, and the fact that the Offer would exclude U.S. holders for nearly two months, Converium has waited to commence this action until a week before the beginning of SCOR's offer period and nearly eight weeks after it became aware of the facts giving rise to its claims. Converium's extraordinary delay in commencing this action is inexcusable under the well-settled doctrine of laches. <u>See, e.g.</u>, <u>New Era Publications, Int'l v. Henry Holt & Co., Inc.</u>, 873 F.2d 576, 585 (2d Cir. 1989).

Converium's delay is even more unjustified in the context of this motion, in which it seeks to impose on SCOR the extreme burden of completing discovery in a matter of days. Converium has failed to even advise the Court and SCOR precisely what discovery it is seeking,

3

offering only the vague assurance that it will "make every effort to make sure discovery is particularized and tailored" to its claims. (Converium Mem. at 3.) By not putting its proposed discovery requests before the Court, Converium is in reality asking this Court to grant it a "blank check" that it can all too easily use for a fishing expedition to harass SCOR, cause undue burden and expense, and seek information for use in its defensive battle against the Offer outside the context of this action. In other words, in asking this Court to lift the mandatory stay the Private Securities Litigation Reform Act of 1995 (the "PSLRA") imposes in view of SCOR's forthcoming motion to dismiss and grant expedited discovery that is only afforded in exceptional circumstances, Converium is asking this Court to ignore the standards of reasonableness and good cause – which can only be assessed by examining the specific discovery sought, a task rendered impossible by Converium's silence on this score – and simply take Converium's ipse dixit assertion that the discovery it will seek is reasonable at face value.

For the reasons discussed below, this Court should deny Converium's motion.

**ARGUMENT**

**I.    CONVERIUM HAS FAILED TO SATISFY ANY OF THE PREREQUISITES TO EXPEDITED DISCOVERY**

Converium's motion for expedited discovery should be denied because Converium has failed to satisfy any of the necessary preconditions for expedited discovery. In fact, not only has Converium failed to demonstrate a probability of success on the merits in respect of any of its claims, but each of its claims fails as a matter of law, as set forth below. For this reason, as represented in its April 18, 2007 letter to the Court, SCOR intends to move to dismiss Converium's complaint in its entirety, and plans on filing its opening brief on Monday, April 23, 2007.

A.  **Expedited Discovery is Not Permitted Absent a Probability of Success on the Merits**

Rules 30(a) and 34(b) of the Federal Rules of Civil Procedure prohibit a plaintiff from conducting discovery through depositions and document requests prior to the expiration of 30 days from the service of a summons and complaint without first obtaining leave of the Court. Courts have consistently refused to permit expedited discovery absent a showing, inter alia, of "a probability of success on the merits." Lentjes Bischoff Gmbh v. Joy Envt'l Tech., Inc., 986 F. Supp. 183, 189 (S.D.N.Y. 1997) (declining to order expedited discovery where plaintiff failed to show "a significant probability of success on the merits"); see also Sinclair Nat'l Bank v. Office of the Comptroller, No. 00-2398 HHK/DAR, 2000 WL 34012862, at *4 (D.D.C. Dec. 18, 2000) (same). Because Converium has failed to demonstrate a probability of success on the merits in respect of any of its claims, and indeed, each of its claims fails as a matter of law, Converium's motion for expedited discovery should be denied.

B.  **Converium's Claims Fail As a Matter of Law**

   1.  **Converium's Section 14(d) Claim Fails As a Matter of Law**

In its complaint, Converium alleges SCOR violated Section 14(d) of the Exchange Act by excluding from its tender offer for Converium's registered shares all United States persons holding shares of Converium and holders of Converium's American Depository Shares ("ADSs"). (See Compl. ¶¶ 53-54.) In order to prevail on this claim, Converium must demonstrate that SCOR made a tender offer to United States shareholders using the "jurisdictional means" contemplated by section 14(d)(1) of the Exchange Act – i.e., a tender offer made "directly or indirectly, by use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise." 15 U.S.C. § 78n(d)(1); see also Plessey Co. PLC v. General Electric Co. PLC, 628 F. Supp. 477, 487 (D. Del.

5

1986). Despite parroting this jurisdictional language in its complaint (see Compl. ¶ 49), Converium fails to allege sufficient facts to support this bare legal conclusion.

Although the complaint alleges "widespread media and analyst coverage" of SCOR's tender offer in the United States (see Compl. ¶ 31), those allegations, even if true, are insufficient to confer subject matter jurisdiction on this Court. See Plessey, 628 F. Supp. at 495 ("[W]here a foreign bidder has steadfastly avoided American channels in its pursuit of a foreign target, the American interest in extensive disclosure appears minimal. Where the only acts within the United States are second hand news accounts not directly attributable to the bidder, the American contact which would justify exercise of jurisdiction is relatively small and counsels against its use."). Likewise, Converium's baseless and unsupported allegation that SCOR has sought "to secure the participation of US persons while avoiding protections afforded to US investors by the Exchange Act," is similarly insufficient to justify the exercise of jurisdiction by the Court. See, e.g., John Labatt Ltd. v. Onex Corp., LBT, 890 F. Supp. 235, 245 (S.D.N.Y. 1995) (rejecting plaintiff's argument that defendant's exclusion of United States shareholders from tender offer was "just being done with a very big wink" where plaintiff "demonstrated neither a likelihood of success on that point nor that it present[ed] a fair ground for litigation").[1]

Finally, no claim arises from the mere fact that SCOR has excluded United States persons from the tender offer – this practice is entirely lawful and does not, as a result, trigger the application of the United States securities laws. See, e.g., Plessey, 628 F. Supp. at 487; see also SEC Release No. 7759, 1999 WL 969592, at * 2 (Oct. 22, 1999) ("U.S. security holders are often

---

[1] Certainly, SCOR's acknowledgement before the STB of the reality that sophisticated U.S. investors may seek to participate in the Offer by tendering shares through foreign affiliates or intermediaries provides no support for a conclusion that SCOR has directed the Offer – which explicitly and unambiguously excludes U.S. holders – to those investors.

6

excluded from tender and exchange offers . . . ."). As a result, Converium does not and, indeed, cannot adequately allege a violation of Section 14(d) of the Exchange Act.

### 2. Converium's Section 14(e) Claim Also Fails As a Matter of Law

Converium also alleges SCOR violated Section 14(e) of the Exchange Act by failing to disclose information required under section 14(d) of the Exchange Act. (Compl. ¶ 58.) Converium's Section 14(e) claim is, thus, wholly derivative of its Section 14(d) claim. Because Converium has failed to allege facts sufficient to demonstrate that SCOR made a tender offer to United States shareholders using the "jurisdictional means" contemplated by Section 14(d)(1), its Section 14(e) claim also fails as a matter of law. See John Labatt Ltd., 890 F. Supp. at 245 ("Where . . . a tender offer is totally foreign and neither solicits nor will accept tenders by U.S. shareholders, it is not a tender offer directed to U.S. shareholders and the threshold jurisdictional requirement of 14(e) is not met.") (citation omitted); see also id. ("[W]here shareholders are "never presented with th[e] critical decision' of whether or not to tender, 'a vital element of a § 14(e) claim' is missing.") (quoting Panter v. Marshall Field & Co., 646 F.2d 271, 283-84 (7th Cir. 1981)).

### 3. Converium Has Not Adequately Alleged that SCOR Violated Section 13(d)

In a last-ditch attempt to use the federal securities laws to entrench its management, Converium alleges that SCOR violated Section 13(d) of the Exchange Act by failing to disclose that "Patinex and SCOR have acted as a group" and that the "Patinex-SCOR group has a common plan or purpose, to wit, a transfer of control of Converium to SCOR, and has coordinated its trading to accomplish that goal." (Compl. ¶ 41.) Converium concedes, however, that the Schedule 13D SCOR filed on February 21, 2007 disclosed the existence of the Patinex Stock Purchase Agreement ("SPA") (Compl. ¶ 42), and thus the viability of Converium's

7

claim hinges on whether it has adequately alleged that SCOR and Patinex had formed a group as defined by Section 13(d) <u>prior</u> to entering into the SPA and failed timely to disclose that purported fact. Because Converium has failed to allege any facts – as opposed to mere legal conclusions – demonstrating that Patinex and SCOR acted as a group prior to entering into the SPA, this claim fails as a matter of law.

### (a) Conclusory Allegations that Defendants Are Acting as a Group are Insufficient

Courts in the Second Circuit have made clear that "the unadorned allegation that defendants are acting as a group is not adequate to sustain a Section 13(d) claim." <u>Log On. Am., Inc. v. Promethean Asset Mgmt L.L.C.</u>, 223 F. Supp. 2d 435, 449 (S.D.N.Y. 2001). Accordingly, district courts have routinely dismissed Section 13(d) claims absent "specific allegations of interrelationships, contracts, alliances, meetings, agreements, coordinated activity, or understandings between or among any of the defendants." <u>Log On. Am.</u>, 223 F.Supp.2d at 449; <u>Roth v. Jennings</u>, No. 03-CV-7760 (DAB), 2006 U.S. Dist. LEXIS 4266, at *15 (S.D.N.Y. Feb. 1, 2006); <u>Trans World Corp. v. Odyssey Partners</u>, No. 83 Civ. 1939 (MEL), 561 F. Supp. 1315, 1323.

Here, although Converium alleges that the "Patinex-SCOR group" was formed "at least as early as November 2006 when SCOR began purchasing shares of Converium in open market purchases," the only factual allegation Converium offers in support of this legal conclusion is that "Patinex likewise increased its Converium ownership from 12.5% to 19.8% between December 2005 and February 16, 2007." In other words, Converium's sole basis for concluding that Patinex and SCOR acted as a group starting in November 2006 is that SCOR purchased Converium stock during a three-month period subsumed within a 17-month period in

8

which Patinex also acquired Converium shares. This is precisely the type of conclusory allegation that courts have found to be insufficient to state a claim under Section 13(d).[2]

### (b) Converium has Failed to Demonstrate Any Irreparable Harm

Further, even if Converium's allegations that SCOR failed to timely disclose the existence of a group were adequate (which they are not), Converium would still not be able to prevail on its Section 13(d) claim because it has not demonstrated any likelihood of irreparable harm stemming from SCOR's Schedule 13 Disclosure. Indeed, courts have denied nearly identical requests for injunctive relief where – at the time of the request for an injunction – the defendant has a Schedule 13D on file containing all of the material information relevant to shareholders, regardless of whether the information was disclosed in prior filings. See, e.g., E.ON AG v. Acciona, S.A., No. 06 Civ. 8720 (DLC), 2007 U.S. Dist. LEXIS 7771, at *32 (S.D.N.Y. Feb. 5, 2007) (denying injunctive relief based on alleged deficiencies in defendant's Schedule 13D filings because "the issue in this claim for injunctive relief is whether the information relevant to the takeover battle which Section 13(d) requires to be disclosed, has been disclosed"). Otherwise, Section 13(d) becomes nothing more than "a ploy to keep incumbent management safe from hostile takeover." Independence Fed'l Savings Bank v. Bender, 332 F. Supp. 2d 203, 217 (D.D.C. 2004) (finding no irreparable harm and denying an injunction where "[w]hatever confusion may have existed [with regard to Schedule 13D disclosures] has certainly been clarified").

Here, Converium concedes that on February 21, 2007 – nearly eight weeks ago – "a Schedule 13D filed by SCOR revealed it had contracted to acquire 19.8% of Converium's

---

[2] SCOR is in the process of evaluating the impact of the STB proceedings as an additional and independent ground for dismissal.

9

outstanding shares held by Patinex pursuant to a share purchase agreement, as well as 4.8% of Converium's outstanding shares held by a Swedish company, Alecta pensionsforsakring, pursuant to a separate share purchase agreement, and that, separate and apart from these arrangements, SCOR had already acquired 8.3% of the outstanding shares of Converium through open market purchases." Thus, even accepting Converium's conclusory allegation that SCOR failed to timely disclose the existence of the "SCOR-Patinex group," Converium concedes that SCOR has now disclosed its relationship with Patinex through the SPA. See Treadway Cos., Inc. v. Care Corp., 638 F.2d 357, (2d Cir. 1980) (finding that the "informative purpose of 13(d) had...been fulfilled" where shareholders had months to contemplate a potential takeover); see also Bally Total Fitness Holding Corp. v. Liberation Investments, L.P., No. Civ. A. 05-841-JJF, 2005 WL 3525679, at *2 (D. Del. Dec. 22, 2005) (finding a preliminary injunction proceeding moot where "Defendant's revised statement fully discloses all matters that Plaintiff indicated it would pursue at the preliminary injunction hearing").

## II. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF SCOR'S MOTION TO DISMISS

Even if Converium could satisfy the necessary preconditions for expedited discovery – and SCOR respectfully submits it cannot – Converium's motion for expedited discovery should still be denied because Converium has failed to make any showing that the automatic stay of the PSLRA should be lifted. As part of the PSLRA, Congress enacted Section 21D(b)(3)(B) of the Exchange Act, which provides:

> In any private action arising under this chapter [15 U.S.C. §§ 78, et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). This stay is absolute unless the plaintiff can establish upon motion that particularized discovery is necessary to: (1) preserve evidence; or (2) prevent undue

10

prejudice to the moving party. Id. As this Court has stated, in cases covered by the PSLRA "'no discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws, by denying a motion to dismiss.'" Podany v. Roberson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (Lynch, J.) (quoting 15 U.S.C. § 78u-4(b)(3)(B)).

"While the PSLRA permits a court to lift a stay if it makes a finding that 'particularized discovery is necessary to preserve evidence or prevent undue prejudice to [a] party,' the entire purpose of the stay provision is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad civil discovery proceedings will produce facts that could be used to state a valid claim." Podany, 350 F. Supp. 2d at 378. Indeed, as this Court has held, "'exceptional circumstances' must be present to lift the stay." In re Refco, Inc. Sec. Litig., No. 05 Civ. 8626(GEL), 2006 WL 2337212, at *1 (S.D.N.Y. Aug. 8, 2006) (citations omitted).

As set forth above, as represented in its April 18, 2007 letter to the Court, SCOR intends to move to dismiss Converium's and plans on filing its opening brief on Monday, April 23, 2007. "'[T]he automatic stay provision of the [PSLRA] is triggered by the mere indication by defense of its intention to file a motion to dismiss.'" Fisher v. Kanas, No. 06-CV-1187 (ADS)(ETB), 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006) (citation omitted). Thus, pursuant to the PSLRA, discovery in this action is stayed automatically. See 15 U.S.C. § 78u-4(b)(3)(B).

Although the PSLRA permits the discovery stay to be lifted in narrowly-defined situations, the "exceptional circumstances" necessary for doing so are not present here. As a threshold matter, Converium has not moved to lift the automatic discovery stay and, therefore,

11

has no standing to argue that the stay should be lifted. See 15 U.S.C. § 78u-4(b)(3)(B) (requiring the party seeking to lift the stay to file a motion). In any event, Converium cannot demonstrate that "particularized discovery" is necessary to (i) "preserve evidence" or (ii) "prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B).

As a threshold matter, Converium has failed to submit to the Court its proposed discovery requests, and thus cannot meet the PSLRA's requirement that it show a need for "particularized discovery." See 15 U.S.C. § 78u-4(b)(3)(B). This failure by itself, is grounds to deny any motion to lift the stay. See, e.g., In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2006 WL 1738078, at *1 (S.D.N.Y. June 26, 2006) ("The PSLRA . . . requires that plaintiffs' discovery requests be 'particularized' for the stay to be lifted."). Accordingly, in addition to not involving the PSLRA's mandatory discovery stay, Ellsworth Assocs. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996) and In re WebSecures, Secs. Litig., No. 97-10662-GAO, 1997 U.S. Dist. LEXIS 19600 (D. Mass. 1997), two cases upon which Converium relies in its moving papers (Converium Mem. at 10), are easily distinguishable in that in each of those cases the court found that plaintiffs' discovery requests were "narrowly tailored" and "particularized."[3] Id.

Further, Converium has not alleged a need to preserve evidence, nor has it demonstrated that any prejudice, let alone "undue prejudice," will result from a stay of discovery during the pendency of SCOR's motion to dismiss. In fact, the only justification Converium offers is that the stay should be lifted because "the Offer is currently scheduled to expire in five weeks." (Converium Mem. at 9.) But as courts have made clear, the element of time pressure is

---

[3] The only case Converium cites that addresses the PSLRA's automatic stay of discovery – Gold Fields Ltd. v. Harmony Gold Mining Co., No. 04 Civ. 8767, 2004 U.S. Dist. LEXIS 23874, at *2 (S.D.N.Y. Nov. 23, 2004) (Converium Mem. at 7-8) – lacks any substantive discussion of this issue and instead merely refers to the fact that the court granted expedited discovery. See id.

insufficient to warrant a lifting of the stay, as this element is present in virtually every situation involving corporate change of control. See Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein, 917 F. Supp. 717, 722 (S.D. Cal. 1996). "While there is certainly time pressure, this is true in a majority of cases involving contests for corporate control, and thus does not constitute an 'undue' burden which is unique." Id.; see also In re Refco, Inc. Sec. Litig., 2006 WL 2337212, at *2 ("'[D]elay is an inherent part of every stay of discovery required by the PSLRA.'"). This is particularly true here, where any time pressure that might exist in the product of Converium's delay in bringing this case.

## III. CONVERIUM'S MOTION SHOULD BE DENIED BASED ON LACHES

Finally, Converium's motion for expedited discovery should be denied for the additional and independent reason that it has filed this action nearly two months after it became aware of the facts giving rise to its claims. Converium has known of SCOR's allegedly deficient Schedule 13D filing since February 21, 2007 and has known that the Offer would exclude U.S. shareholders since Februray 26, 2007, when SCOR issued its formal pre-announcement. Converium did not file this action until April 16, 2007 – nearly eight weeks after Converium was alerted to the purported deficiencies. While there can be no mistaking Converium's motivation for waiting to file this action until after SCOR commenced its tender offer so as to maximize the coercive value of the lawsuit through Converium's manufactured sense of urgency, the transparency of Converium's true motives does nothing to excuse its delay. Where, as here, a plaintiff is unduly delayed in asserting its claim, courts decline to grant the extraordinary remedy of expedited discovery. See, e.g., Gitadex, 13 F. Supp.2d at 419 (S.D.N.Y. 1998) (refusing to order expedited discovery where delay on the part of plaintiff "undercuts the sense of urgency upon which the availability of the remedy is predicated."); Beardslee v. Woodford, No. C. 04-

13

5381, 2005 WL 40073 (N.D. Cal. Jan. 7, 2005) (same); <u>see also</u> <u>NAACO Indus., Inc. v. Applica Inc.</u>, No. 1:06-CV-3002, 2006 WL 3762090, at *10 (N.D. Ohio Dec. 20, 2006).

## **CONCLUSION**

For the foregoing reasons, Converium's motion for expedited scheduling and discovery should be denied.

Dated: New York, New York
April 19, 2007

Respectfully submitted,

/s/ Joseph N. Sacca
Jay B. Kasner (JK-7910)
Joseph N. Sacca (JS-9435)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendant SCOR, S.A.