UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
CONVERIUM HOLDING AG,                :
                                     :    07 Civ. 3042 (GEL)
                    Plaintiff,       :
                                     :
        - against –                  :
                                     :
SCOR S.A. AND PATINEX AG,            :
                                     :
                    Defendants.      :
------------------------------x

## STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of this Court, by and between the undersigned attorneys for the parties herein as follows:

1. Any party or any non-party (the "Producing Party") in response to discovery conducted pursuant to the Federal Rules of Civil Procedure or with regard to materials voluntarily produced in discovery to a receiving party (the "Receiving Party"), may designate as "Confidential" any document or information provided in response to a discovery demand, including but not limited to portions of deposition or other transcripts (collectively, "discovery material"), which that Producing Party considers in good faith to contain non-public, confidential, proprietary or commercially sensitive information, or other business or personal information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Discovery material designated as Confidential, including the information contained therein and any document quoting or summarizing such information or materials, are hereinafter referred to as "Confidential Information." Any discovery material designated Confidential shall be marked by the Producing Party with the legend "CONFIDENTIAL" on each page so designated or on the record at the deposition, provided that without regard to whether such designation has been

made at a deposition, within thirty (30) business days after the deponent's receipt of any transcript, each Producing Party shall designate in writing any portions of such transcript which are to remain Confidential after the conclusion of such thirty (30) business day period, and that the entire transcript shall be deemed Confidential during such thirty (30) business day period.

2. Any Confidential Information shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Stipulation and Order. Confidential Information shall be used only for purposes of this litigation, *i.e.*, *Converium Holding AG v. SCOR S.A. and Patinex AG*, 07 CIV 3042 (GEL) (the "Action"), including pretrial proceedings in the Action, preparation for trial of the Action, the trial of the Action, and any appeals in the Action.

3. Each person to whom Confidential Information is to be disclosed pursuant to paragraphs 4 and 5 hereof (except the Court and Court personnel, the parties' attorneys of record in the Action and their employees and non-employee clerical support personnel, such as outside copy services, couriers and court reporters) shall be provided with a copy of this Stipulation and Order prior to such disclosure.

4. Except as otherwise provided herein, and subject to paragraph 2 hereof, Confidential Information may be disclosed only to the Court and Court personnel, the named parties to the Action (including officers, directors, employees, or in-house counsel of any named party), the parties' attorneys of record in the Action and paralegal, clerical or support personnel retained by such attorneys, and, to the extent deemed necessary by such attorneys, Confidential Information may be shown to any witnesses in preparation for such witnesses' testimony, provided that counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person and such person has first

executed an acknowledgement in the form attached as Exhibit A, or to any witness during the course of such witnesses' testimony provided that counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person and such person has first either executed an acknowledgement in the form attached as Exhibit A or has been advised of the entry of this Order.

5. Confidential Information may be disclosed to any actual or prospective expert or consultant assisting a party's counsel in connection with the Action to the extent deemed necessary in good faith by such counsel to enable the expert or consultant to provide such assistance, provided that the actual or prospective expert or consultant shall first execute an acknowledgment in the form attached as Exhibit A.

6. No Confidential Information shall be disclosed to any person who, if required by paragraph 5 to sign the form of acknowledgment attached hereto as Exhibit A, does not first sign such acknowledgment. All signed acknowledgments shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Stipulation and Order has occurred.

7. If a party objects to the designation of any discovery material as Confidential Information, the parties and the Producing Party, shall attempt to resolve the dispute. If the dispute is not resolved, the objecting party may apply to the Court for a ruling that the specified discovery material shall not be treated as Confidential Information, giving notice to all other parties and the Producing Party. Until this Court enters an order changing the designation, or until the parties and the Producing Party agree otherwise, the discovery material shall be treated as Confidential Information.

8. All Confidential Information filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further Order of the Court. Where possible, only Confidential portions of such filings with the Court shall be under seal.

9. Upon written request, within ninety (90) days of the termination of this litigation, including all appeals, if any, but subject to further order of this Court, counsel for each party shall destroy or return to counsel for the Producing Party all Confidential Information, including all copies thereof, and upon written request by counsel for the Producing Person shall certify in writing to counsel for the Producing Party that the provisions of this paragraph have been complied with; provided, however, that counsel for the parties may retain in their own files all pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information. However, any such pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product so retained shall remain Confidential and subject to the restrictions contained in this Stipulation and Order.

10. Nothing contained herein shall be construed to limit any Producing Party from using its own Confidential Information in any manner that it may choose.

11. If any Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action seeking discovery material that was designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt actual written notice, by hand, facsimile or email transmission within seven (7) business days of receipt of such subpoena, demand or legal process by setting forth the existence of this Order and withhold production of the discovery material until required to produce such discovery material. Nothing

herein shall be construed to require the Receiving Party or anyone else covered by this Order to move to quash or move for a protective order, to challenge or appeal any order requiring production of Confidential Information covered by this Order, to violate any rule of court or civil procedure or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

12. Nothing herein shall preclude any party from applying to this Court for an order modifying this Stipulation and Order, or shall preclude any modification of this Order with the consent of all parties thereto.

AGREED TO:

           WILLKIE FARR & GALLAGHER LLP

           By: _____
           Richard L. Posen (RP-3593)
           Tariq Mundiya (TM-2246)
           Lisa D. Bentley (LB-1565)
           787 Seventh Avenue
           New York, New York 10019
           (212) 728-8000

           *Attorneys for Plaintiff Converium Holding AG*

           SKADDEN, ARPS, SLATE, MEAGHER
            & FLOM LLP

           By: _____
           Jay B. Kasner (JK-7910)
           Joseph N. Sacca (JS-9435)
           Four Times Square
           New York, New York 10036
           (212) 735-3000

           *Attorneys for Defendant SCOR S.A.*

SO ORDERED:

_____
Honorable Gerard E. Lynch
United States District Judge
5/8/07

## EXHIBIT A

### AGREEMENT TO BE BOUND BY
### STIPULATION AND ORDER OF CONFIDENTIALITY

I hereby acknowledge that I have been given an opportunity to read the Stipulation and Order of Confidentiality in the action entitled *Converium Holding AG v. SCOR S.A. and Patinex AG*, Civil Action No. 07 CV 3042 (GEL) (the "Action") and that I understand it and agree to be bound by its terms. I agree that any documents, materials, or information furnished to me will be used only for the purposes of this Action, and for no other purpose.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceedings to enforce the terms of this Agreement and Order.

Dated:_____        Name:_____